UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Mark Hiller and Tonya Hiller,

       Plaintiffs,

v.

HSBC Finance Corp., Unknown Trustee, as
Trustee on behalf of the asset-backed
security in which the loan at issue was
pooled; and Unknown Trust, the unknown
asset-backed security at issue,

       Defendants.

_____/

Case No. 13-12177

Honorable Nancy G. Edmunds

**ORDER DENYING PLAINTIFFS' MOTIONS FOR LEAVE TO AMEND, TO STRIKE AND FOR JUDGMENT ON THE PLEADINGS, DISMISSING PLAINTIFFS' CLAIMS FOR INJUNCTIVE RELIEF AS MOOT, GRANTING IN PART HSBC'S MOTION FOR JUDGMENT ON THE PLEADINGS AND DISMISSING THE ACTION**

Plaintiffs Mark and Tonya Hiller move for leave to amend their complaint under Federal Rule of Civil Procedure 15(a). Defendant, HSBC, opposes Plaintiffs' motion on the grounds of futility, undue delay, and bad faith. Plaintiffs filed their motion for leave to amend while cross-motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), for which a hearing was held on January 8, 2014, are still pending before the Court.[1]

For the reasons stated below, the Court DENIES Plaintiffs leave to amend their complaint, DENIES Plaintiffs' motions to strike HSBC's answer and for judgment on the

_____

[1]Plaintiffs' motion for judgment on the pleadings also sought, in the alternative, to strike HSBC's answer.

pleadings, DISMISSES Plaintiffs' claims for injunctive relief as moot and GRANTS IN PART HSBC's motion for judgment on the pleadings as to Plaintiffs' non-injunctive claims. Furthermore, the Court DISMISSES the complaint with prejudice.

## I.    FACTS

On September 14, 2007 Plaintiffs executed a mortgage with a now defunct subsidiary of HSBC called HFC. Compl. ¶ 9. Although Plaintiffs' allegations on the matter are not clear, there does not appear to be a dispute regarding the fact that HSBC held Plaintiffs' mortgage at the time Plaintiffs' filed the instant action. *Id.* at ¶¶ 9-13. However, Plaintiff has brought it to the Court's attention that HSBC no longer holds the mortgage at issue. Specifically, Plaintiffs received a letter dater January 9, 2014 from company calling itself Caliber Home Loans. Pls'. Reply in Supp. of Mot. to Amd., Ex. 2. This letter indicates that the mortgage at issue in this case is now being serviced by Caliber Home Loans, and that the mortgage is now owned by an entity called LSF8 Master Participation Trust. There is a notation at the bottom of the letter informing Plaintiffs that "[t]he transfer of the lien associated with [Plaintiffs'] loan is currently recorded, or in the future may be recorded, in the public records of the local County Recorder's office for the county where [Plaintiffs'] property is located." The letter further states that the loan may also be recorded with the Mortgage Electronic Registrations System. Plaintiffs state that this letter means that HSBC is no longer the owner or servicer of the mortgage in question, and therefore has no right to foreclose on their property. Pls'. Reply in Supp. of Mot. to Amd., 3-4.

The mortgage that Plaintiffs entered into with HFC had an interest rate of approximately ten percent. Compl. ¶¶ 9-13. Plaintiffs allege that they were told by HFC that after one year of regular payments, the mortgage would be refinanced at a more

2

reasonable interest rate. *Id.* HFC went out of business before that year was up, leaving Plaintiffs with the original ten percent interest rate. *Id.* Plaintiffs allege that their acceptance of the ten percent mortgage was based on fraudulent misrepresentations by HFC that such a mortgage was the only type that Plaintiffs could qualify for. *Id.*

Plaintiffs further allege that HSBC fraudulently induced them into falling behind on their mortgage in order to be able to foreclose on their property and receive federal bailout funds. *Id.* at ¶¶ 26-34. Specifically, Plaintiffs allege that after they experienced a "substantial reduction in income" in 2010 they asked HSBC about a mortgage modification. *Id.* Upon this inquiry, Plaintiffs were allegedly told by HSBC that "it would modify Plaintiffs' loan via the Home Affordable Modification Program ("HAMP") or other loan modification, but that the only way Plaintiffs could qualify would be if they were to be behind in their payments, which they were not." *Id.* at ¶ 30. Plaintiffs took this statement as "explicit instructions" to stop making their mortgage payments. *Id.* at 31.

Plaintiffs then allege that after stopping their mortgage payments, HSBC put them through a Kafkaesque series of requests for paperwork, ultimately causing them to fall ever further behind on their mortgage payments. *Id.* at ¶¶ 35-41. Eventually, HSBC denied Plaintiffs' request for a modification and began the foreclosure process. *Id.* at ¶ 44.

HSBC retained local counsel to handle the foreclosure. *Id.* That firm initiated the "pre-foreclosure statutory modification process," and Plaintiffs' then counsel indicated that Plaintiffs would like to participate in the statutory modification process. *Id.* at ¶¶ 44-45. Plaintiffs claim that HSBC's foreclosure counsel refused to work with them, and insisted that they deal directly with HSBC for the statutory modification process. *Id.* at ¶ 46.

3

A sheriff's sale of Plaintiffs' real property was eventually scheduled for May 1, 2013. *Id.* at ¶ 47. Plaintiffs claim that they were repeatedly lied to and that HSBC failed to credit their account appropriately during the three years between their initial request for a modification and the scheduling of the sheriff's sale. *Id.* at ¶¶ 48-51.

## II.   PROCEDURAL HISTORY

Plaintiffs filed the instant lawsuit in state court on April 29, 2013, and HSBC timely removed the matter to this Court. In its Notice of Removal, HSBC argued that the two unknown defendants, Unknown Trustee, and Unknown Trust, were fraudulently joined.

HSBC filed a motion on September 16, 2013, seeking judgment on the pleadings or, in the alternative, summary judgment on all eleven counts in the Complaint. On October 10, 2013, Plaintiffs filed a Notice of Voluntary Withdrawal With Prejudice of seven of the eleven counts in their Complaint. Along with that withdrawal, Plaintiffs filed a response to HSBC's motion, and their own motion for Judgment on the Pleadings or to Strike HSBC's Answer. Plaintiffs' motion to strike was untimely, and they subsequently filed a request for an extension for the motion to strike. The Court denied Plaintiffs' request for an extension on November 12, 2013.

Discovery is ongoing, and there is currently a motion pending before the magistrate regarding document production.

A hearing was held on January 8, 2014 before this Court on the parties' cross-motions for judgment on the pleadings and Plaintiffs' motion to strike HSBC's answer. Shortly thereafter, on January 14, 2014, Plaintiffs filed a motion for leave to amend their complaint.

## III.   ANALYSIS

As a preliminary matter, because this case is presently before this Court on diversity jurisdiction after a successful removal by HSBC and no objection by Plaintiffs to HSBC's assertion that the two "unknown" defendants were fraudulently joined, the Court hereby DISMISSES from the case the Unknown Trust and Unknown Trustee as fraudulently joined.

### A. Federal Rule of Civil Procedure 15(a) grants the Court discretion regarding late amendments to pleadings

Federal Rule of Civil Procedure 15(a) provides that, after the initial window for amending pleadings as a matter of course has closed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2) (West 2013). In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court weighed in on Rule 15's broad grant of discretion, laying out a set of factors a court should consider when deciding whether or not to grant leave to amend. Specifically, the *Foman* Court stated:

> [i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'

*Id.* at 182.

Ultimately, the decision to grant or deny leave to amend a pleading is within the Court's discretion. Here, Defendant argues against granting leave to amend based on futility, undue delay and dilatory motive. The Sixth Circuit recently upheld the denial of leave to amend based on delay in *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, (6th Cir. 2013). In *Glazer* the Sixth Circuit agreed with the trial court that allowing an amendment

5

under the circumstances "would encourage delay and bad faith on the part of plaintiffs and prejudice defendants who would have wasted time and expense attacking a hypothetical complaint." *Glazer*, 704 F.3d at 458-59. The circumstances in *Glazer* were similar to those currently before the court in that the motion to amend was filed substantially after initiation of the lawsuit, a motion to dismiss was fully briefed, and the proposed amended complaint purported to allege new facts. Here, it has been almost ten months since the original complaint was filed, and both parties have fully briefed respective motions for judgment on the pleadings and appeared before the Court to argue those motions. Additionally, Plaintiffs' claims of "new facts" could have and should have been alleged in the original complaint. The Court finds the similarities between the instant case and *Glazer* to be dispositive, and hereby DENIES Plaintiffs' motion for leave to amend the complaint.

### B. Plaintiffs' admission that HSBC no longer holds the mortgage at issue makes Plaintiffs' claims for injunctive relief moot

In their reply brief in support of their motion for leave to amend, Plaintiffs' make the following claim: "Defendant does not own Plaintiffs' loan (the "Loan") and cannot foreclose on the Mortgage that Defendant transferred to a new entity and a new servicer." Pls.' Reply at 3-4. In support of this assertion, Plaintiffs' submitted as an exhibit a letter from Caliber Home Loans, which, the Court finds, confirms Plaintiffs' statement that HSBC no longer holds the mortgage at issue.

Given that HSBC no longer holds the mortgage, and that the main thrust of Plaintiffs' claims is aimed at securing injunctive relief to stop HSBC from foreclosing on the mortgage or converting the foreclosure from a foreclosure by advertisement to a judicial foreclosure, this Court cannot fashion a remedy for Plaintiff. This is so because HSBC no longer holds

6

the mortgage and so an injunction barring HSBC from foreclosing or changing the proceeding to a judicial foreclosure would have no effect on the mortgage holder of record's ability to foreclose.

This turn of events makes Plaintiffs' claims for injunctive relief found in Counts 2, 3, 4, and 5 moot, and those claims are hereby DISMISSED as such.

To the extent that Plaintiffs' non-injunctive claims are not also moot by way of the mortgage transfer, HSBC's motion for judgment on the pleadings is still pending and is applicable.

### C. HSBC's motion for judgment on the pleadings is granted as to Plaintiffs' remaining claims for monetary damages

In addition to the now moot claims for injunctive relief sought in the complaint, Plaintiffs' complaint also seeks recovery for "any/all damages incurred by Plaintiffs, as a proximate result of [HSBC's]" violations of Michigan law. The complaint, however, does not specifically allege any facts that would support a claim for monetary damages. Indeed, the bulk of Plaintiffs' complaint appears to be a form complaint which makes broad allegations of wrongdoing by the nation's banks, but has little in the way of specific allegations. As far as the complaint attempts to set forth a claim for monetary damages, it is lacking the specificity required to sustain a cause of action. For the reasons stated below and to the extent that any of Plaintiffs' claims are not moot, the Court GRANTS HSBC's motion for judgment on the pleadings as to Plaintiffs' remaining non-injunctive claims, and hereby DISMISSES this case with prejudice.

### 1. The standard on motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6)

7

Federal Rule of Civil Procedure 12(c) allows a party to "move for judgment on the pleadings." It is well established that when considering a motion under Rule 12(c), a district court employs the same standard as it would for a motion to dismiss under Rule 12(b)(6). *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012). Under a Rule 12(c) motion, therefore, "a complaint only survives...if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich,* 668 F.3d at 403 (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). The Sixth Circuit has also noted that under *Iqbal*, "[a] claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Estate of Barney v. PNC Bank, Nat'l Assoc.,* 714 F.3d 920, 924-25 (6th Cir. 2013) (internal quotations and citations omitted). Furthermore, "[w]hile the plausibility standard is not akin to a 'probability requirement,' the plausibility standard does ask for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). If the plaintiffs do "not nudge[ ] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570. Finally, the Court must always keep in mind that "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 555.

Of note to HSBC's motion, when a movant submits matters outside of the pleadings in support of a Rule 12(c) motion, Federal Rule of Civil Procedure 12(d) requires a court to either convert the motion into a Rule 56 motion for summary judgment or to

8

exclude the extraneous evidence from its consideration of the motion. HSBC has styled its motion as either a motion for summary judgment or a motion for judgment on the pleadings, leaving it to the Court to decide whether to consider evidence outside the pleadings. As is demonstrated below, the Court need not consider evidence outside the  pleadings to reach the conclusion that Plaintiffs' claims for damages fall short of federal pleading requirements.

### a.  Count 2 - Violations of Michigan's Foreclosure by Advertisement Statute

In Count 2 Plaintiffs initially appear to demand a declaratory judgment that HSBC violated portions of the Michigan foreclosure by advertisement laws. The "wherefore clause" of Count 2, however, contains no such demand, instead seeking injunctive relief, damages, costs, and fees.

The sections cited by Plaintiffs provide very specific instructions for both parties involved in the foreclosure process. *See,* Mich. Comp. Laws §§ 600.3204(4), 600.3205a, 600.3205b, & 600.3205c. Plaintiffs' allegations pertinent to Count 2 consist almost entirely of either vague assertions of statutory violations or conclusory allegations. For example, Paragraph 80 states that Plaintiffs' then attorney contacted the firm handling the foreclosure to request initiation of the statutory mortgage modification process, but that his "request was illegally ignored." Such a statement is  conclusory and contrary to the allegation that the foreclosure firm initiated the statutory modification process.

As described below, in the two instances where Plaintiffs make allegations with the specificity required to survive a Rule 12(c) motion, they only do so respecting some of the allegations needed to state a claim, leaving the remaining facts to the imagination.

9

**i.  Plaintiffs do not allege that they requested a copy of the program, process, or guidelines used by HSBC for their mortgage modification determinations**

Plaintiffs' first allegation that comes close to the specificity required by *Twombly* and *Iqbal* consists of a violation of a statutory obligation on the part of HSBC to provide documents. Specifically, Plaintiffs allege that HSBC did not provide them with a copy of the program, process, or guidelines used to make mortgage modification determinations as required by Mich. Comp. Laws § 600.3205c(5)(b). However, that statutory provision only requires a party to provide a copy of the program, process, or guidelines used for making mortgage modification determination "[i]f requested by the borrower." Plaintiffs do not allege that they made any such request. Absent that allegation, Plaintiffs' claim on this point fails as a matter of law.

**ii.  Plaintiffs do not allege that they sent the documentation required under Mich. Comp. Laws § 600.3205b**

Plaintiffs' second specific allegation in Count 2 is that HSBC has not provided a copy of the calculations used to make its determination regarding Plaintiffs' modification. Under Mich. Comp. Laws § 600.3205b HSBC is permitted to request "any documents that are necessary to determine whether the borrower is eligible for a modification under section 3205c" and once that request is made, Plaintiffs were required to provide the documentation or risk foreclosure. Specifically, Mich. Comp. Laws § 600.3205b(2) states that "[i]f the borrower does not provide the documents requested as required by this subsection, a party entitled to foreclose the mortgage may proceed with the foreclosure."

The Court finds the language of Michigan Compiled Laws § 600.3205b to be broad, compelling, and dispositive in this instance because Plaintiffs have not alleged critical facts.

10

Namely, it has not been alleged that HSBC "request[ed] [Plaintiffs] to provide any documents that are necessary to determine whether [Plaintiffs are] eligible for a modification under section 3205c" or that Plaintiffs provided HSBC with the documents required by § 3205b. Without those allegations, Plaintiffs' claims that HSBC failed to provide them with the calculations used to determine their modification eligibility have no merit, because, as HSBC points out in its motion, no calculations can be made without the documents mentioned in § 3205b.

As it is clear that the relevant statutory provisions provide meticulous directions for all partied involved in a foreclosure, absent more specific allegations the Court is left with pure conjecture, which is not sufficient. Therefore, for the reasons stated above, and because Plaintiffs' allegations in Count 2 are too vague and conclusory to withstand a Rule 12(c) motion for judgment on the pleadings, the Court GRANTS HSBC's motion for judgment on the pleadings as to Count 2 any and all remaining claims in Count 2 are hereby DISMISSED.

### b. Count 3 - Breach of Contract[2]

In Michigan, a party seeking to maintain a claim for breach of contract must allege the existence of a contract, breach of that contract, and damages. *Hall v. State Farm*

---

[2] As noted above, the Court will not consider the evidence submitted with the motion papers in this case, however, as to the breach of contract claim the Court will consider the mortgage agreement as submitted with the complaint. *See Wyser-Pratte Mgmt.* Co., *Inc. v. Telxon Corp.,* 413 F.3d 553, 560 (6th Cir. 2005) (stating that on a Rule 12(b)(6) motion, "[i]n addition to the allegations in the complaint, the court may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice."). Given that the same standards apply to a Rule 12(c) motion as to a 12(b)(6) motion, the Court will consider the mortgage agreement without converting this motion to a motion for summary judgment.

*Mut. Auto. Ins. Co.*, 215 F. App'x 423, 428 (6th Cir. 2007). Simply stating that a party has breached a contract, however, is a legal conclusion that the Court can freely disregard under *Twombly* and *Iqbal*. Sufficient facts must be alleged to support the *conclusion* that a breach may have occurred. *Id.*

There is no dispute that there was a contract between Plaintiffs and HSBC, namely, the mortgage HSBC sought to foreclose on prior to transferring its interest in the mortgage to Caliber. Breach of that contract is another matter. Plaintiffs allege that they stopped making payments on their mortgage per HSBC's "explicit instructions" to do so. However, they do not allege what those instructions were, instead, they allege that they were told that "the only way they would qualify [for a modification] would be if they were to be behind in their payments, which they were not." Comp. ¶ 30. To construe that statement as "explicit instructions" to stop making mortgage payments is not reasonable, as that statement is nothing more than an explanation of HSBC's policy.

Having admitted that they stopped making their mortgage payments, Plaintiffs go on to allege that HSBC "misappropriat[ed] funds paid during the HAMP modification application process...and fail[ed] to credit the account accordingly." Compl. ¶ 51. Plaintiffs' final allegations of breach are that HSBC "fail[ed] to credit Plaintiffs for payments made, [and] overcharg[ed] Plaintiffs for taxes and/or insurance..." Compl. ¶ 101.

In response to Plaintiffs' allegation of mishandling of their payments, HSBC directs the Court's attention to Paragraph 3 of the mortgage agreement. Paragraph 3 sets out the order in which payments received by HSBC will be applied to Plaintiffs' debt, and where delinquent payments exists, requires HSBC to be in receipt of payments in amounts

12

sufficient to cover the late fees and the delinquent amount due before it applies the payment. Specifically, Paragraph 3 of the mortgage states:

> If [HSBC] receives a payment from [Plaintiffs] for a delinquent periodic payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one periodic payment is outstanding, [HSBC] may apply any payment received from [Plaintiffs] to the repayment of the periodic payments if, and to the extent that, each payment can be paid in full.

As noted, the mortgage provides specific instructions for HSBC's handling of payments, and the language quoted above acts to constrain HSBC's ability to accept payments where those payment are not sufficient to meet the periodic payment amount plus any late fees.

Plaintiffs' allegations do not make any reference to the mishandling of any specific payments made after Plaintiffs stopped making regular payments, nor do Plaintiffs make allegations as to the sufficiency of any payments that may have been made post-periodic-payment cessation. In light of the specificity of Paragraph 3, Plaintiffs' allegations that HSBC "misappropriated funds" or failed to credit Plaintiffs for payments made, are too vague to sustain a claim for breach of contract.

For the reasons stated above, the Court GRANTS HSBC's motion for judgment on the pleadings as to Count 3 and Plaintiffs' claims for breach of contract, and all remaining claims found in Count 3 are hereby DISMISSED as legally insufficient.

### c.  Counts 4 and 5 - Intentional Fraud and Constructive Fraud

To plead a fraud claim under Michigan law, a plaintiff must allege that: (1) the defendant made a material representation; (2) the representation was false; (3) at the time the representation was made, it was either known to be false, or made recklessly without any knowledge of its truth; (4) the representation was made with the intention that it should be acted on by

13

plaintiff; (5) plaintiff, in fact, acted in reliance on it; and (6) plaintiff suffered damages as a result.

*Little Caesar Enterprises, Inc. v. OPPCO, LLC*, 219 F.3d 547,551 (6th Cir. 2000).

HSBC argues that Plaintiffs' fraud claims fail both because they are too vague and because, under *Crown Tech. Park v. D&N Bank, FSB*, 619 N.W.2d 66 (2000), Michigan's Statute of Frauds bars Plaintiffs' claims.

HSBC's reliance on *Crown Tech. Park* is misplaced. That case makes clear that Michigan's statute of Frauds bars, *inter alia*, actions that are "at [their] core" actions to enforce oral promises made by financial institutions regardless of how the claim is labeled. *Crown Tech. Park* , 619 N.W.2d at 73-74.  Here, Plaintiffs fraud allegations are not, at their core, seeking to enforce any promises made by HSBC or its agents. Rather, Plaintiffs' fraud claims seek an injunction as to the sheriff's sale, damages, and costs and fees. Therefore, the Statute of Frauds does not bar Plaintiffs' fraud claims.

At first blush it appears that Plaintiffs have alleged all of the elements of a fraud claim. They allege that HSBC made a material representation that was false, that it knew was false, that it made with the intention that Plaintiffs would act on it, that Plaintiffs acted on it and that they suffered damages as a result. Upon closer inspection however, these allegations suffer from a fatal disconnect. That is, Plaintiffs' fraud claims rest on the allegation that they relied on explicit instructions to stop making payments on their mortgage, and that doing so would result in eligibility for HSBC's mortgage modification programs. The specific allegations, however, do not contain anything that could be construed as explicit instructions to stop making mortgage payments. Instead, Plaintiffs allege that when they inquired about a loan modification program, they were told that HSBC

14

would modify their loan "via the Home Affordable Modification Program ("HAMP") or other loan modification, but that the only way Plaintiffs could qualify would be if they were to be behind in their payments, which they were not." Compl. ¶ 30.

Plaintiffs, therefore, are alleging reliance on a material misrepresentation but they have not sufficiently alleged that misrepresentation. In other words, the act of accepting as true the allegations of HSBC's statements to Plaintiffs regarding qualification for the modification program does not transform those statements into "explicit instructions" to stop making mortgage payments. Furthermore, Plaintiff's do not allege that they were told that they *would receive* a modification if they stopped making payment. Instead, they allege that they were told that they "could qualify" for a modification if they stopped making payments. A statement that one might qualify for a benefit is not the same as a statement that someone will receive that benefit, and relying on such a statement has such a high level of inherent risk so as to make such reliance unreasonable.

This leaves Plaintiffs' fraud allegations lacking, as both the intentional and constructive fraud claims require that Plaintiffs allege reliance on a material misrepresentation, and Plaintiffs have failed to sufficiently do so.

The Court, therefore, GRANTS HSBC's motion for judgment on the pleadings and DISMISSES all remaining claims found in Count 4 and Count 5, including any and all claims for intentional and constructive fraud.

### D. Plaintiffs' remaining motions are denied

Given the foregoing, the Court DENIES Plaintiffs' remaining outstanding motions for judgment on the pleadings and to strike Defendants' answer.

15

## IV.    CONCLUSION

For the reasons stated above, the Court hereby DISMISSES Defendants Unknown Trust and Unknown Trustee as fraudulently joined. The Court further DENIES Plaintiff's motion for leave to amend the complaint, DISMISSES all of Plaintiffs' claims for injunctive relief as moot and DENIES Plaintiffs' motions for judgment on the pleadings and to strike HSBC's Answer. Finally, the Court GRANTS IN PART HSBC's motion for judgment on the pleadings as to the claims for non-injunctive relief found in Counts 2, 3, 4, and 5 and hereby DISMISSES any and all remaining claims found therein. The remaining Counts having been voluntarily withdrawn by Plaintiffs, the Court hereby DISMISSES this case with prejudice.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  February 20, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 20, 2014, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager
Acting In Absence of Carol A. Hemeyer